Parker C. J.
delivered the opinion of the Court. We think enough was disclosed to entitle the supposed assignee of the note to a trial by jury of the validity of his assignment. The respondent disclosed, that after giving his note to Whee-1 )ck, and after service of the trustee process on the afternoon c. f the same day, Tourtellott informed him that the note had been assigned to him, and stated the consideration he had given for it; that Wheelock, after the service of the trustee process, also certified to him that he had assigned the note to Tourtellott for a yoke of oxen purchased of him in the manner stated by Tourtellott; and the trustee himself saw Wheeloclt’s boy driving off the cattle which had been Tourtellott’s, on the afternoon of the day on which the note bears date. We think this is prima facie evidence of an assignment, which, if boni fide, would pass the equitable interest in the note to Tourtellott, notwithstanding he did not present it to the trustee when he gave him notice of the assignment; and notwithstanding the trustee had no notice until after the service of the writ upon him.
By Si. 1817, c. 148, whenever any person, summoned as trustee, shall disclose an assignment to another, of goods &c. of the principal in his hands, and the plaintiff in the suit shall object that the assignment ought not to have effect to defeat his attachment, and the court shall think it just or convenient that the assignee shall become a party to the suit, the person so staled to be assignee may, for the purpose of trying the validity of his assignment, become a party &c.
It was contended by the counsel for the plaintiff, that the power of the Court of Common Pleas over this subject was discretionary, and that no appeal would lie from its decision, whether the assignee shall be admitted a party or not ; but we cannot think such was the intention of the legislature, especially as it is provided in the latter part of the first section of the statute, that either party may appeal from any judgment of the court as in other cases.
It was also contended, that in order to give the assignee a *488 right under the statute, there must be a disclosure of an assign. ment perfect in its form, and one which would be valid unless fraudulent. We think the answers of the trustee in this case disclose sufficient to bring the case within the statute. He was informed by both assignee and assignor that the note had been transferred, before he was served with process ; and though the notice was not given until afterwards, the assignment might be good. It seems to us to be a case in which the testimony of the debtor, who stands indifferent between the plaintiff and the assignee, would be essential to the right of the case.
The judgment of the Court of Common Pleas is reversed, and the case stands for trial here; the assignee to become a party, giving bond according to the statute.[1]

 See Cushing on Tr. Proc. 102, note 3. Revised Stat. c. 109, § 15 to 21.